IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LACHRISHA BASSETT, in her capacity as the spouse of JAMIE D. BASSETT, and LACHRISHA BASSETT in her capacity as Administratrix of the ESTATE OF JAMIE D. BASSETT, <br><br>Plaintiff, <br><br>v. <br><br>THE UNITED STATES OF AMERICA, <br><br>Defendant. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. _____ |

## COMPLAINT FOR DAMAGES

COMES NOW LaChrisha Bassett, in her capacity as the surviving spouse of Jamie D. Bassett and in her capacity as Administratrix of the Estate of Jamie D. Bassett, Plaintiff in the above-referenced civil action, and files this Complaint for Damages, respectfully showing this Honorable Court the following:

## PARTIES

1.

LaChrisha Bassett was the spouse of Jamie D. Bassett before Jamie died on June 11, 2009. Ms. Bassett brings the present wrongful death and loss of consortium actions in her capacity as the spouse of Jamie D. Bassett. Further, Ms. Bassett is also bringing the present medical malpractice action in her capacity as the Administratrix of the Estate of Jamie D. Bassett. A copy of the Order from the Probate Court of Columbia County, Georgia, naming Ms. Bassett as the Administratrix of the Estate is attached hereto as

"Exhibit 1." A certified copy of Jamie D. Bassett's Death Certificate is attached hereto as "Exhibit 2."

2.

Defendant, The United States of America, acting through the Department of Veteran's Affairs, operates the Charlie Norwood V.A. Medical Center in Augusta, Richmond County, Georgia. Defendant United States of America, may be served by mailing process, via certified mail, to the United States Attorney General, Attention: Civil Process Clerk, Department of Justice, Room B-103, 950 Pennsylvania Avenue, Washington, DC, 20530-0001, and by mailing process, via certified mail, to the United States Attorney's Office, Honorable Edward J. Tarver, Attention: Civil Process Clerk, 600 James Brown Boulevard, Suite 200, P.O. Box 2017, Augusta, Georgia 30903.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

3.

Plaintiff resides in Martinez, Columbia County, Georgia and is a resident of the Southern District of Georgia.

4.

The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Georgia.

5.

Pursuant to 28 U.S.C. § 1402(b), venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of Georgia.

6.

Plaintiff has satisfied all conditions precedent prior to the filing of this Complaint, including the provisions of 28 U.S.C. § 2675.

7.

This suit has been timely filed, in that Plaintiff timely served notice of their claims on the Department of Veteran's Affairs on March 11, 2011, a copy of which is attached as "Exhibit 3." On April 8, 2011, a response was received acknowledging receipt of Plaintiff's claim and asking for any additional information to support the claim, a copy of which is attached as "Exhibit 4." In spite of numerous faxes of additional correspondence to the Department of Veteran's Affairs, no decision was ever rendered by the government on Plaintiff's claims.

## EVENTS FORMING THE BASIS OF THE CLAIMS

8.

Plaintiff herein realleges and reincorporates the allegations above-stated in her Complaint as if said allegations had been set forth fully herein.

9.

Jamie D. Bassett was a thirty-three year old male who presented to the emergency department of the Charlie Norwood V.A. Medical Center in Augusta, Georgia on May 31, 2009, with a two-day history of abdominal pain. After being evaluated by an

internist/hospitalist, Mr. Bassett was diagnosed with abdominal pain and discharged home with instructions to advance his diet slowly, rest, and follow-up with his primary care physician the following week, returning to the Emergency Department if his symptoms worsened.

10.

The next day, June 1, 2009, Mr. Bassett again presented to the V.A. emergency department with continued abdominal pain. A CT scan of his abdomen was taken and the report indicated that the possibility of free air in the abdomen could not be excluded. Despite this finding, Mr. Bassett was discharged with a prescription for pain medication and instructions to follow up with another doctor, but to return to the emergency department if his symptoms worsened or a fever developed.

11.

Later that same day, on June 1, 2009, Mr. Bassett returned to the V.A. emergency department with continued abdominal pain. The treating physician provided pain medication and IV fluids and was going to admit the patient into the hospital; however, due to a lack of bed space except for in the ICU, Mr. Bassett was discharged for the second time on June 1, 2009.

12.

The next day, June 2, 2009, Mr. Bassett returned to the Emergency Department for the fourth time in three days, still complaining of abdominal pain, but with new complaints of vomiting. He was admitted to the general medicine service for further evaluation.

13.

On June 3, 2009, Mr. Bassett was the subject of a surgical consult by a resident physician at 1:21 p.m., but it was not until 12:52 a.m. on June 4, 2009, that Mr. Bassett was taken to emergency surgery. During surgery, the general surgeon identified and removed 1.5 feet of necrotic proximal small bowel. Post-operative diagnoses included proximal necrotic small bowel and severe pancreatitis, with no evidence of duodenal perforation.

14.

Following the surgery on June 4, 2009, the hospital and medical staff at the Charlie Norwood V.A. Medical Center failed to prescribe and administer an adequate dose of Heparin for anticoagulation to Mr. Bassett. As a direct and proximate result of the combined negligence of Defendant's agents, servants and employees, and their failure to meet the appropriate standard of care, said Defendant caused the untimely death of Mr. Bassett on June 11, 2009.

## BREACHES OF THE APPLICABLE STANDARDS OF CARE

15.

Plaintiff herein realleges and reincorporates the allegations above-stated in her Complaint as if said allegations had been set forth fully herein.

16.

During the course of treatment and care provided to Jamie D. Bassett at the Charlie Norwood V.A. Medical Center, hospital and medical staff were grossly negligent, deviated from the accepted standards of care, and failed to exercise the degree of skill and care that is ordinarily employed by the medical profession in general under like

conditions and similar circumstances as specifically set forth in the Affidavits of Dr. James A. Sarnelle, Dr. Philip G. Leavy, Jr., Dr. Mark B. Shoag, and Dr. Lawrence A. Cooperstein attached hereto as Exhibits 5-8, and incorporated as if fully pleaded herein. Specifically, Charlie Norwood V.A. Medical Center hospital and medical staff failed:

- To order a surgical consultation after Mr. Bassett's CT scans were taken on June 1, 2009;

- To adequately review Mr. Bassett's CT scans on June 1, 2009 and prepare accurate findings;

- To investigate the possibility of free air in Mr. Bassett's abdomen on June 1, 2009.

- To admit Mr. Bassett to the V.A. Hospital or to arrange for his admission in another local hospital on June 1, 2009 for further evaluation based on his CT scans, instead of discharging him due to a lack of available hospital beds;

- To provide for a continuity, not abandonment, of care for Mr. Bassett;

- To recognize and/or diagnose Mr. Bassett with a blood clot based on his CT scans;

- To provide a timely surgical consult upon Mr. Bassett's admission into the general medicine service on June 2, 2009, and instead, waiting until the afternoon of June 3, 2009 before on was provided;

- To timely act on the surgical consult until surgery was rendered on an emergent basis in the early morning hours of June 4, 2009; and

- To provide an adequate dosage of Heparin to thwart the blood clot that affected Mr. Bassett following the surgery of June 4, 2009.

17.

The accepted standards of care would require the Charlie Norwood V.A. Medical Center hospital or medical staff, under the circumstances described herein, to order a surgical consultation after Mr. Bassett's CT scans were taken on June 1, 2009. This was not done. Had the Charlie Norwood V.A. Medical Center staff not been grossly negligent and complied with the accepted standards of care, Mr. Bassett would have survived within a reasonable degree of medical certainty.

18.

The accepted standards of care would require hospital and medical staff from the Charlie Norwood V.A. Medical Center, under the circumstances described herein, to adequately review Mr. Bassett's CT scans on June 1, 2009 and prepare accurate findings. As a result of the incomplete interpretation of the CT scan, Mr. Bassett was inappropriately discharged home. Had the Charlie Norwood V.A. Medical Center hospital and medical staff not been grossly negligent and complied with the accepted standards of care, Mr. Bassett would have survived within a reasonable degree of medical certainty.

19.

The accepted standards of care would require the Charlie Norwood V.A. Medical Center hospital and medical staff, under the circumstances described herein, to investigate the possibility of free air in Mr. Bassett's abdomen on June 1, 2009. This was not done. Had the Charlie Norwood V.A. Medical Center hospital and medical staff not

been grossly negligent and complied with the accepted standards of care, Mr. Bassett would have survived within a reasonable degree of medical certainty.

20.

The accepted standards of care would require the Charlie Norwood V.A. Medical Center hospital and medical staff, under the circumstances described herein, to admit Mr. Bassett to the Charlie Norwood V.A. Medical Center or to arrange for his admission in another hospital on June 1, 2009 for further evaluation based on his CT scans. This was not done. Instead, Mr. Bassett was discharged due to a lack of space and hospital and medical staff abandoned Mr. Bassett instead of providing for a continuity of care. Had the Charlie Norwood V.A. Medical Center hospital and medical staff not been grossly negligent and complied with the accepted standards of care, Mr. Bassett would have survived within a reasonable degree of medical certainty.

21.

The accepted standards of care would require the Charlie Norwood V.A. Medical Center hospital and medical staff, under the circumstances described herein, to recognize and/or diagnose Mr. Bassett on June 1, 2009 with a blood clot based on his CT scans. This was not done. Had the Charlie Norwood V.A. Medical Center hospital and medical staff not been grossly negligent and complied with the accepted standards of care, Mr. Bassett would have survived within a reasonable degree of medical certainty.

22.

The accepted standards of care would require the Charlie Norwood V.A. Medical Center hospital and medical staff, under the circumstances described herein, to provide a timely surgical consult upon Mr. Bassett's admission into the general medicine service on

June 2, 2009. Instead, hospital and medical staff waited until the afternoon of June 3, 2009 to provide a surgical consult. Further, Defendant's agents/employees failed to timely act on the surgical consult until surgery was rendered on an emergent basis in the early morning hours of June 4, 2009. Had the Charlie Norwood V.A. Medical Center hospital and medical staff complied with the accepted standards of care, Mr. Bassett would have survived within a reasonable degree of medical certainty.

23.

The accepted standards of care would require the Charlie Norwood V.A. Medical Center hospital and staff, under the circumstances described herein, to provide an adequate dosage of Heparin to thwart the blood clot that affected Mr. Bassett following his surgery on June 4, 2009. This was not done. Had the Charlie Norwood V.A. Medical Center hospital and staff complied with the accepted standards of care, Mr. Bassett would have survived within a reasonable degree of medical certainty.

24.

As a direct and proximate result of the Charlie Norwood V.A. Medical Center hospital and medical staff's failure to exercise that degree of care required by the medical profession generally, Jamie D. Bassett suffered damages as set forth herein and ultimately died as a result of a cardiac arrest following the formation of multiple pulmonary emboli, originating from an initial superior mesenteric vein thrombus. His pain, suffering, and death was proximately caused and was the result of said Defendant's agents/employees negligence.

## COUNT I - MEDICAL MALPRACTICE

25.

Plaintiff herein realleges and reincorporates the allegations above-stated in her Complaint as if said allegations had been set forth fully herein.

26.

Plaintiff LaChrisha Bassett, in her capacity as Administratrix of the Estate of Jamie D. Bassett, shows that Defendant's agents/employees above-referenced negligence proximately caused the death of Jamie D. Bassett. As a result of Mr. Bassett's death, certain medical expenses for money spent or owed for his medical care and treatment arising out of the negligent medical treatment provided by Defendant has been incurred. Ms. Bassett reserves the right to amend this Complaint regarding the medical expenses incurred.

27.

Plaintiff LaChrisha Bassett, in her capacity as Administratrix of the Estate of Jamie D. Bassett, shows that as a result of the negligence of Defendant, certain funeral and other final necessary expenses have been incurred. Plaintiff reserves the right to amend this Complaint regarding the funeral and other final necessary expenses incurred.

28.

Further, as a result of Defendant's agents/employees negligence, Mr. Bassett suffered great pain, both mental and physical. Plaintiff LaChrisha Bassett, in her capacity as Administratrix of the Estate of Jamie D. Bassett, shows that she is entitled to general damages for Mr. Bassett's pain and suffering, both mental and physical, in an amount to be determined by the enlightened conscious of a fair and impartial jury.

29.

The sole cause of Mr. Bassett's injuries and damages was due to the negligence of the Defendant's agents/employees. The damages complained of herein are the direct and proximate result of Defendant's agents/employees negligence.

## COUNT II - WRONGFUL DEATH

30.

Plaintiff herein realleges and reincorporates the allegations above-stated in her Complaint as if said allegations had been set forth fully herein.

31.

On June 11, 2009, Jamie D. Bassett's death was proximately caused by Defendant's agents/employees above-referenced negligence. He was thirty-three years old and had a life expectancy of another forty-two years according to the Annuity Mortality Table 1949, Ultimate.

32.

Jamie D. Bassett was survived by his spouse, LaChrisha Bassett. Therefore, Plaintiff LaChrisha Bassett, in her capacity as the surviving spouse of Jamie D. Bassett, is the proper party to serve as plaintiff herein, and she brings the present action for Mr. Bassett's wrongful death.

33.

Plaintiff bring this action for the full value of Mr. Bassett's life, without deduction for any of the necessary or personal expenses of Mr. Bassett had he lived.

## COUNT III - LOSS OF CONSORTIUM

34.

Plaintiff herein realleges and reincorporates the allegations above-stated in her Complaint as if said allegations had been set forth fully herein.

35.

At the time of Jamie D. Bassett's death, Plaintiff LaChrisha Bassett was married to Mr. Bassett.

36.

As a result of the wrongful and negligent acts of the Defendant's agents/employees, Plaintiff LaChrisha Bassett was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

37.

That all the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendant's agents/employees. Plaintiff shows that she is entitled to general damages for her loss of consortium, in an amount to be determined by the enlightened conscience of a fair and impartial jury.

## COUNT IV - CLAIM AGAINST DEFENDANT UNITED STATES OF AMERICA UNDER RESPONDEAT SUPERIOR

38.

Plaintiff herein realleges and reincorporates the allegations above-stated in her Complaint as if said allegations had been set forth fully herein.

39.

At all times relevant to the incident out of which this Complaint arises, Charlie Norwood V.A. Medical Center hospital and medical staff were agents and/or employees of The Department of Veterans Affairs, an agency of the United States of America.

40.

The tortious conduct of the Charlie Norwood V.A. Medical Center hospital and medical staff described throughout the Complaint was committed during and within the scope of their agency and/or employment with Defendant.

41.

As the principal and/or employer of the Charlie Norwood V.A. Medical Center hospital and medical staff, Defendant United States of America is vicariously liable for the negligence of said individuals under the doctrine of respondeat superior.

## **DEMAND FOR JURY TRIAL**

42.

Plaintiff demands a trial by jury on all issues that may properly be submitted to the jury.

43.

Plaintiff demands judgment in an amount to be determined at trial, not to be less than Ten Million Dollars ($10,000,000.00).

WHEREFORE, Plaintiff prays:

1) That service of this Complaint and Summons be perfected upon the Defendant as provided by law;

2)   That Plaintiff have and receive a judgment against Defendant for Jamie D. Bassett's pain and suffering, both mental and physical;

3)   That Plaintiff have and receive a judgment against Defendant for Jamie D. Bassett's medical expenses, funeral expenses, and other necessary expenses;

4)   That Plaintiff have and receive a judgment against Defendant for the full value of Mr. Bassett's life, without deduction for any of the necessary or personal expenses of Mr. Bassett had he lived;

5)   That Plaintiff have and receive a judgment against Defendant for her loss of consortium;

6)   That Plaintiff have and receive a judgment against Defendant in an amount to be determined at trial, not to be less than $10,000,000.00;

7)   That the costs of this action be borne by the Defendant;

8)   That all issues properly triable before a jury be tried by a jury; and

9)   That Plaintiff has such other relief as deemed proper by this honorable court.

This _____ day of April, 2012.

EDENFIELD, COX, BRUCE & CLASSENS, P.C.

*s/GERALD M. EDENFIELD*
GERALD M. EDENFIELD
State Bar No. 239100

P.O. Box 1700
Statesboro, GA  30459
912-764-8600
912-764-8862 facsimile
Attorneys for Plaintiff